IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID M. DAVID,

        Petitioner,                 No. CIV S-09-0093 GGH P

    vs.

THE PEOPLE OF THE STATE OF
CALIFORNIA, et al.,

        Respondents.           ORDER
_____/

        Petitioner, a state prisoner proceeding pro se, has filed a document that he has entitled "petition for writ of mandamus...." Petitioner has consented to the jurisdiction of the undersigned. Docket # 3 (consent filed on 3/02/09). Although this document was filed in this Eastern District Court, petitioner/appellant, as he styles himself in his case caption, directs the filing to the United States District Court for the Central District of California. Evidently, petitioner has filed the instant petition in the wrong district, Within this filing, petitioner encloses another pleading, this one directed to the Second District of the California Court of Appeals, a document also entitled a "petition for writ of mandamus," in which petitioner asks that court to require, inter alia (even though petitioner is evidently proceeding on the direct appeal of a state court conviction in which he is represented by counsel), respondent to provide him with the

1

1  complete transcripts of the trial proceedings so that he can file a brief supplemental to that of his

2  attorney.  Petition, pp. 4-14.   Petitioner further encloses what appears to be a copy of the state

3  appellate court's denial of this petition for writ of mandate, on 5/15/08.  Petition, p. 32.

4  Petitioner also encloses a copy of a document directed to the state supreme court, entitled

5  "petition for certiorari," wherein petitioner seeks for that court to issue a writ of mandate with

6  respect to the appellate court's denial, and then later seeks a "re-hearing"; petitioner encloses

7  unauthenticated copies of correspondence from the California Supreme Court, indicating that his

8  filings were rejected (apparently, primarily as untimely).   Id., at 18-48.

Petitioner does not clearly set forth in that portion of his filing that is directed to the federal court what he is seeking in this filing, simply stating conclusorily and without citation to case authority, that he is asking for a writ of mandamus compelling "respondents and the California State Court of Appeals to perform clear, present and ministerial duties as set forth in the petitions attached...." (by which he means to encompass the documents referenced above).

Federal courts lack jurisdiction to issue a writ of mandamus to a state court. Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991), citing 28 U.S.C. § 1651.  Moreover, the Ninth Circuit has found a claim by a habeas petitioner in federal court to have been procedurally defaulted for petitioner's failure to comply with a California Rule of Court.  Forrest v. Vasquez, 75 F.3d 562 (9th Cir. 1996).

This application should be summarily dismissed.  Should petitioner seek to proceed upon a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, he should file such a petition timely in the appropriate district (which appears to be the Central District). Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral

review is pending. 28 U.S.C. § 2244(d).

Accordingly, IT IS HEREBY ORDERED that this inapposite petition is summarily dismissed.

DATED: April 17, 2009

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
davi0093.ord